Dolores García, Plaintiff and Appellant, *v.* Sofía Rexach de Rexach, Defendant and Appellee.

No. 9142.  Argued November 7, 1945.—Decided December 19, 1945.

---

[4] Mortgage Law, § 388A.(b).

494

*Harry M. Besosa* and *J. Pérez Almiroty* for appellant. *Héctor González Blanes* for appellee.

Mr. Justice de Jesús delivered the opinion of the court.

José E. Rexach, while married to the defendant Sofía Rexach, had illicit relations with plaintiff. During the course of these relations, around the year 1932, Rexach delivered to the plaintiff a sealed envelope containing a document apparently written and signed by him which reads thus:

"In the City of San Juan, Puerto Rico. On this fourteenth day of August, 1932, I write with my own hand this testamentary disposition which I deposit under the custody of Attorney Notary Luis Sánchez Vahamonde, to be opened after my death.

"By this will I bequeath to Dolores García Añé the amount of ten thousand dollars, American currency, which amount shall be delivered to her out of the proceeds of an insurance policy for ten thousand dollars which I made out with the Jefferson Standard Life and is free from any liability.

"And it is my will that my legitimate heirs fulfill this obligation without inquiring into the reasons therefor.

"August fourteenth, nineteen thirty-two.

"Signed

"José A. Rexach
"Dated August 14, 1932

"Correction of 'fourteenth' valid."

When Rexach delivered the sealed envelope to the plaintiff he told her to deliver it to an attorney fifteen or twenty days after his death, and that they would have to give her

what the will stated. Subsequently, on January 30, 1943, Rexach executed an open will which provided, among other things, the following:

"FIFTH: I hereby revoke any previous will, especially the one executed before Notary Rafael Palacios Rodríguez on July 17, 1928 and the one of July 1, 1940, executed before Notary Luis Sánchez Vahamonde."

Rexach died on February 10, 1944, under the will of January 30, 1943, and the plaintiff, who had preserved the envelope as directed by Rexach, delivered it to Attorney Hipólito Marcano who opened it and drew out the alleged will which had not been protocolized.

Based on this document plaintiff has brought the present suit against defendant, the widow of Rexach, who had collected two policies for $10,000 each, issued by the Jefferson Standard Life on the life of José E. Rexach, in which policies defendant appeared as beneficiary. Relying on the theory that the document of August 14, 1932, is a holographich will, and that the disposition contained therein in favor of the plaintiff is a trust wherein plaintiff is the beneficiary and the defendant is the trustee, plaintiff has brought this action for the recovery of $10,000, which is the amount of the policy mentioned in the document, plus interest and damages.

Passing upon the merits of the case, the lower court reached the conclusion that the alleged trust did not exist, and that, even if it did, it had been vacated because it had been constituted in a will which had been expressly revoked, and which, because of its failure to be protocolized, was void. Consistent with this conclusion, it rendered judgment dismissing the complaint.

██ According to § 835 of the Civil Code, a trust may be constituted to have effect after the death of the constituent.

Apparently[1] the document of August 14, 1932, complies

---

[1] We say "apparently" because since the alleged will was not protocolized, we have no legal ground to conclude that it was really written in its entirety and signed by Rexach.

with all the conditions required by § 637 of the Civil Code [2] in order to make a holographic will valid, provided, of course, that the requisite of § 639 of the Civil Code relating to protocolization be complied with.

But assuming the situation most favorable to the plaintiff, that is, that the disposition contained in the alleged holographic will constitutes a trust and that the revocation of the will does not affect the existence of the trust, even then, we would still meet one obstacle, that said will is not valid because it was not protocolized. Civil Code, § 639. Since the will is not valid, it can not serve as a vehicle for the constitution of a valid trust. Civil Code, § 835. Restatement, Trusts, (1935) § 53.

We can not agree with appellant that the facts of this case justify the creation of a trust as happened in *Ruiz* v. *Ruiz,* 61 P.R.R. 794. In that case the father, trusting the relation of confidence existing between himself and his older daughter, purchased a farm for all his children and procured the vendor to convey it to the latter, under promise that as her brothers attained majority, she would convey title to them in their respective shares, as if the property appeared in equal shares in the name of all his children. The daughter so promised her father, but after his death, when her brothers reached majority and claimed their shares, she refused to convey title to them on the ground that the property belonged to her exclusively.

As may be seen, in *Ruiz* v. *Ruiz, supra,* the father, trusting that his daughter would carry out her promise to him, had the property's title conveyed to her. To permit her to take advantage of the confidence deposited in her and defraud

[2] Section 637 of the Civil Code reads thus:

"Holographic wills may be executed only by persons of full age.

"In order that such will be valid, it shall be written in its entirety and signed by the testator, who shall state the year, month and day in which it is executed.

"If it contains words erased, corrected or interlined, the testator shall make a note thereof under his signature."

her brothers would be tantamount to permitting her to unjustly enrich herself at the expense of her brothers and sisters, and in order to prevent this unjust enrichment the trust had to be created.

In he case at bar, however, when Rexach appointed defendant as beneficiary in the policies, he did not do so under any promise on her part to deliver to plaintiff the product of one of the policies. In other words, the defendant, by keeping the amount of both policies, did not act deceitfully and therefore we have in this case no unjust enrichment which must be prevented by the creation of a trust.

For the aforesaid reasons the judgment appealed from is affirmed.